PROB 12C
(06/17)

December 23, 2025
pacts id: 8407183

# UNITED STATES DISTRICT COURT
## FOR THE
## SOUTHERN DISTRICT OF CALIFORNIA

### Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Jonathan Sandoval (English)　　　　**Dkt. No.:** 23CR00178-001-RSH

**Reg. No.:** 08424-506

**Name of Sentencing Judicial Officer:** The Honorable Robert S. Huie, U.S. District Judge

**Original Offense:** 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5), Stalking, a Class D felony.

**Date of Sentence:** September 22, 2023

**Sentence:** 7 months' imprisonment; 3 years' supervised release. *(Special Conditions: Refer to Judgment and Commitment Order.)*

**Modification:** On September 20, 2024, defense counsel submitted a motion to modify special condition no. 4 to allow Mr. Sandoval's use of employer provided computers. On September 23, 2024, Your Honor granted the motion and amended the judgment to include the following language, "This condition shall not prevent Defendant from using employer provided computers for work-related purposes as required in the course of Defendant's gainful employment, which computers are not required to have monitoring software installed."

**Type of Supervision:** Supervised Release　　　　**Date Supervision Commenced:** April 5, 2024

**Asst. U.S. Atty.:** Andrew P. Sherwood　　　　**Defense Counsel:**　Jeremy D. Warren
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Appointed)
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(619) 234-4433

**Prior Violation History:** Yes. See prior court correspondence.

**Absconded From Supervision:** No.

---

## PETITIONING THE COURT

## TO ISSUE A BENCH WARRANT

PROB12(C)

Name of Offender: Jonathan Sandoval                                    December 23, 2025

Docket No.: 23CR00178-001-RSH                                                    Page 2

The probation officer believes that the offender has violated the following conditions of supervision:

| CONDITIONS | ALLEGATIONS OF NONCOMPLIANCE |
|---|---|
| **(Special Condition)**<br>Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C.§ 1030(e)(l)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software. This condition shall not prevent Defendant from using employer-provided computers for work-related purposes as required in the course of Defendant's gainful employment, which computers are not required to have monitoring software installed. | 1. From on or about November 22, 2025, through on or about December 15, 2025, Mr. Sandoval used his mother-in-law's laptop, an internet capable device, on approximately five occasions, as evidenced by his admission to the probation officer, on December 17, 2025.<br><br>2. From on or about April 5, 2024, through on or about December 17, 2025, Mr. Sandoval used a Samsung Galaxy Z Fold 6 (Model SM-F956U1), daily, as evidenced by his admission to the probation officer.<br><br>3. On or about December 17, 2025, Mr. Sandoval was untruthful to the probation officer when asked how he traveled to his mother's residence.<br><br>4. On or about December 17, 2025, Mr. Sandoval was untruthful to the probation officer when asked as to his use of social media.<br><br>5. On or about December 17, 2025, Mr. Sandoval as untruthful to the probation officer when asked as to his use of internet capable devices. |
| **(Standard Condition)**<br>The defendant must answer truthfully the questions asked by their probation officer. | |

***Grounds for Revocation:*** As to Allegation 1-5, on or about November 18, 2024, the probation officer read and reviewed the conditions of supervised release with Mr. Sandoval including the condition prohibiting him from using any internet capable device without approval of the probation officer and the condition requiring him to answer truthfully questions by the probation officer. Recently, an investigation revealed approximately four active social media accounts, including a Facebook, Instagram, and TikTok, several email accounts, and multiple likely associated phone numbers. On December 17, 2025, the U.S. Probation Office conducted a search of Mr. Sandoval's person and vehicle in seek of any evidence pertaining to his use of internet devices.

On December 17, 2025, Mr. Sandoval reported to the U.S. Probation Office, as directed. The probation officer confronted him as to his use of internet capable devices, and social media. Mr. Sandoval denied using any devices besides his approved device (Jitterbug Flip 2 cellular telephone), which does not have an internet browser or social media access, and assured he solely used computers at work and for work-related purposes, only. The probation officer informed him as to the evidence indicating he was using internet capable devices outside of work-related purposes and Mr. Sandoval admitted to using his mother-in-law's laptop in Mexicali, Mexico. According to Mr. Sandoval, on or about November 22, 2025, his mother-in-law requested his assistance with repairing her laptop, which was described by Mr. Sandoval as an internet capable Dell or HP laptop computer.

PROB12(C)
Name of Offender: Jonathan Sandoval                                    December 23, 2025
Docket No.: 23CR00178-001-RSH                                                        Page 3

Mr. Sandoval admitted he took the laptop to his residence in Mexicali for repairs and used it on four subsequent occasions, exclusively for job searching purposes. Mr. Sandoval acknowledged he had failed to obtain permission from the probation officer to use this internet capable device and admitted to using his mother-in-law's laptop without authorization. He further signed a report of use of internet devices in acknowledgment of his noncompliance.

Additionally, the probation officer presented Mr. Sandoval with evidence indicating he had active social media accounts, several unreported emails, and possibly additional phone numbers. Mr. Sandoval admitted to having several unreported email accounts, which were no longer active or were temporarily used to obtain streaming services on his television. Also, Mr. Sandoval admitted to having several active social media accounts but adamantly denied personally using the accounts. Mr. Sandoval explained he had recently granted his wife permission to update his profile pictures on his social media accounts. The probation officer questioned whether he was being honest since the probation officer knew his wife used her own person social media accounts. Mr. Sandoval maintained he had not used any social media during his term of supervised release.

Moreover, the probation officer requested Mr. Sandoval make available his approved device (Jitterbug Flip 2) for further investigation; however, Mr. Sandoval indicated he had left his approved device and vehicle, in Mexicali. He explained he had entered the U.S. on foot through a pedestrian lane at a Port of Entry in Calexico, California and borrowed his mother's truck to report to the probation office. The probation officer asked how he telephoned his mother after entering the U.S., but Mr. Sandoval denied telephoning her for transportation and explained he had taken a taxi to her residence. The probation officer subsequently telephoned Mr. Sandoval's mother who indicated the contrary. According to the mother, Mr. Sandoval telephoned her for transportation to her residence after he entered the U.S. She further acknowledged Mr. Sandoval may have left his cellular phone at her residence. The probation officer subsequently confronted Mr. Sandoval with his mother's statement, and he admitted he had left his approved device on the kitchen table at her residence. The probation officer confronted Mr. Sandoval for being dishonest with the probation officer as to the location of his phone and informed Mr. Sandoval that the probation officer needed to review the device. The probation officer further requested to follow him home to the residence for the device. Upon arriving to his mother's residence, Mr. Sandoval allowed the probation officer inside and pointed to the device, which was on the kitchen table. The probation officer seized the device and immediately noticed it was not the approved device (Jitterbug Flip 2). Instead, the phone was a Samsung Galaxy Z Fold 6 (Model SM-F956U1), an internet capable phone with an internet browser and social media access. Mr. Sandoval explained he had left the approved device in Mexicali and confirmed the Samsung Galaxy Z Fold 6 was his personal cellular phone, which he used daily. The probation officer requested Mr. Sandoval return to the U.S. Probation Office for further discussion into his noncompliance.

At the U.S. Probation Office, Mr. Sandoval admitted he had been using the device since commencing supervised release, on or about April 5, 2024, and had used it daily, until December 17, 2025. He further signed a report of use of internet devices in acknowledgment of his noncompliance. The probation noted several social media apps. When confronted as to his access to the applications, Mr. Sandoval admitted to using several social media accounts, including TikTok, WhatsApp, Instagram and Messenger. The probation officer confronted him for being dishonest with the probation officer as to his use of social media and he explained he only used the applications to communicate with his wife and his landlord. The probation officer subsequently processed the device for a forensic analysis by the U.S. Probation Office, which remains pending.

PROB12(C)
Name of Offender: Jonathan Sandoval

December 23, 2025

Docket No.: 23CR00178-001-RSH

Page 4

**Standard Condition**

The defendant must follow the instructions of the probation officer related to the conditions of supervision.

6. Mr. Sandoval failed to pay his fine in accordance with his payment schedule agreement for the months of June, July, August, September, October and November 2025, as instructed by the probation officer on or about March 13, 2025.

___Grounds for Revocation:___ As to Allegation 6, on September 22, 2023, Your Honor ordered Mr. Sandoval to pay a fine in the amount of $2,000. On or about March 13, 2025, the probation officer directed Mr. Sandoval to pay $100 per month, effective April 2025, until the fine was paid in full. The probation officer advised that failure to follow instructions regarding the payment schedule would result in notification to the court and may result in a revocation of his supervised release. Mr. Sandoval indicated he understood and signed the payment schedule contract in acknowledgment. Mr. Sandoval has failed to pay his fine in accordance with the payment schedule as instructed by the probation officer. Records indicate that since April 2025, he has made one payment of $200.00 for the months of April and May and confirm he has not made any payments since June 2025. Mr. Sandoval's account currently has an outstanding balance $1,700.00.

## VIOLATION SENTENCING SUMMARY

## SUPERVISION ADJUSTMENT

Mr. Sandoval was grossly deceitful during this term of supervised release. Since commencing supervised release Mr. Sandoval has failed to follow instructions relating to paying his fine. Mr. Sandoval has provided the probation officer various reasons for his failure to pay and has made repeated promises to return to compliance, to no success. The probation officer has also offered to assess his financial situation and possibly assist in adjusting the payment schedule; however, Mr. Sandoval has failed to produce any documentation to investigate his financial situation.

Furthermore, as alleged in this petition, Mr. Sandoval used internet capable devices with a web browser and social media access throughout his term of supervised release, knowing the restrictions of his internet use, and he attempted to conceal his use from the probation officer with repeated falsehoods. The extent of his noncompliance is currently unknown, as the forensic exam of the device remains pending. At this time, Mr. Sandoval continues residing in Mexico and has agreed to continue reporting for supervision instructions at the U.S. Probation Office, as required. It is noted, the probation officer has monitored Mr. Sandoval limitedly, given his residence is in Mexico.

## OFFENDER PERSONAL HISTORY/CHARACTERISTICS

Mr. Sandoval is 32 years old. He is married and with Your Honor's permission, resides in Mexico with his wife and daughter. Mr. Sandoval is a certified nurse assistant and is currently unemployed. He has incurred two terminations from employers in the last year. He was reportedly terminated from True Care on or about December 3, 2025, for making inappropriate conversations in the workplace and incurring four attendance infractions. He was also terminated on or about September 26, 2025, for failing to disclose his conviction of stalking a coworker during the background investigation and failing to be truthful during the investigation process. Mr. Sandoval provided the probation officer with termination letters from the respective employers; however, the authenticity of the termination letters is unverifiable, hence, the reason for terminations is unknown.

PROB12(C)
Name of Offender: Jonathan Sandoval                                          December 23, 2025
Docket No.: 23CR00178-001-RSH                                                          Page 5

Mr. Sandoval has no prior history of substance abuse, mental instability or criminal conduct. As Your Honor is aware, the underlying offense involves Mr. Sandoval arranging a hidden camera in the victim's work office, capturing video of the victim changing clothes, and sending the nude images to the victim.

## SENTENCING OPTIONS

## CUSTODY

**Statutory Provisions:** Upon the finding of a violation, the court may modify the conditions of supervision; extend the term (if less than the maximum authorized term was previously imposed); or revoke the term of supervised release. 18 U.S.C. § 3583(e)(2) and (3).

If the court revokes supervised release, the maximum term of imprisonment upon revocation is 2 years. 18 U.S.C. § 3583(e)(3).

**USSG Provisions**: The allegations, (use of an internet capable device without authorization, failure to answer truthfully questions by the probation officer and failure to follow instructions by the probation officer), constitute Grade C violations. USSG §7C1.1(a)(3), p.s. Upon a finding of a Grade C violation, it may be appropriate for the court to revoke supervised release. The Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. USSG §7C1.3(b)

A Grade C violation with a Criminal History Category I (determined at the time of sentencing) establishes an **imprisonment range of 3 to 9 months.** USSG § 7C1.5, p.s.

Pursuant to USSG §7C1.4 p.s. comment (n.4), any unpaid portion of fine should be ordered to be paid, in addition to the sentence imposed as a result of the revocation. In this case, the offender has paid $300.00 of the court-ordered fine.

Pursuant to USSG § 7C1.3 p.s. comment (n.2), upon a report of non-compliance or a finding of a violation, the court may take any appropriate action provided under 18 U.S.C. § 3583, which includes extension, modification, revocation, or termination of supervised release. If revocation is not statutorily required, the court may also consider an informal response, such as issuing a warning while maintaining supervised release without modification, continuing the violation hearing to provide the defendant time to come into compliance, or directing the defendant to additional resources needed to come into compliance.

## REIMPOSITION OF SUPERVISED RELEASE

If supervised release is revoked and the offender is required to serve a term of imprisonment, the court may reimpose supervised release upon release from custody. The length of such a term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C.§ 3583(h).

In this case, the court has the authority to reimpose a term of 3 years supervised release, less any term of imprisonment imposed upon revocation. 18 U.S.C. § 3583(b).

## JUSTIFICATION FOR BENCH WARRANT

Mr. Sandoval has strong ties to Mexico and is considered a flight risk. His wife and child reside in Mexico, and he is currently unemployed after incurring two terminations for unverifiable reasons. Furthermore, the noncompliance in this petition involves a serious breach of trust to the court, including repeatedly failing to follow instructions by the probation officer and being untruthful to the probation officer. Moreover, the underlying offense involved serious harassment against a victim who was also his coworker, and the extent of his

noncompliance while on supervised release is unknown; therefore, to assure his presence in court and protect the community, the probation officer respectfully recommends Your Honor issue a bench warrant.

## RECOMMENDATION/JUSTIFICATION

Mr. Sandoval breached Your Honor's trust by using two internet capable devices, repeatedly answering untruthfully to the probation officer, and failing to follow instructions to pay his restitution fine.   Mr. Sandoval was grossly deceitful, and it was not until presented with evidence that he admitted to his noncompliance.  This petition for warrant marks as the first before Your Honor in this docket.  Unfortunately, Mr. Sandoval took advantage of Your Honor's compassionate decision to allow him to reside in Mexico.  Per his own admission, he failed to follow the restriction regarding his use of internet capable devices throughout his term of supervised released (approximately 1 year and 8 months).  As it appears, he felt invincible by the limited supervision access by the U.S. Probation Office.

In determining an appropriate sentencing recommendation, the undersigned has considered the 18 U.S.C. § 3553 sentencing factors and goals, the nature of the noncompliance, and the supervisee's individual risks and needs, which include his lack of stable employment, multiple terminations of employment, history of noncompliance with the use of internet capable devices and repeated failure to follow instructions and answer truthfully questions by the probation officer.  After a careful and individualized assessment of the case, the undersigned respectfully recommends a 4-month term of imprisonment followed by a 32-month term of supervised release.  The recommended sentence appears sufficient and not greater than necessary toa address the noncompliance.

The undersigned also recommends the imposition of all previously imposed standard conditions, as they will allow the probation officer to effectively monitor the supervisee in the community and keep abreast of his/her activities.  The recommended conditions will also facilitate the supervisee's transition into the community, support his/her rehabilitation, and promote public safety.

Further, the undersigned recommends Your Honor impose all previously imposed special conditions and three additional special conditions.  Specifically, the probation officer is requesting a condition requiring financial disclosure to allow the probation officer to investigate Mr. Sandoval's financial circumstances and adjust payments towards the fine, as necessary.  The probation officer is also requesting Your Honor require Mr. Sandoval to disclose his criminal conviction and offense conduct to potential future employers to verify compliance with the computer monitoring condition and avoid the potential for victimization of future victims in the workplace.  Lastly, the probation officer is recommending Mr. Sandoval reside in the U.S. until he establishes compliance on supervised release and is recommending, he reside in an RRC if he has no viable residence in the U.S.   These conditions are imperative to work toward Mr. Sandova's future success and to mitigate risk to the community.  Lastly, the probation officer recommends Your Honor order Mr. Sandoval pay the unpaid portion of the previously imposed fine ($1,700.00).

1.  Provide complete disclosure of personal and business financial records to the probation officer as requested.

2.  Consent to third party disclosure to any employer, potential employer, concerning any restrictions that are imposed by the court and the offense conduct.

3.  Reside in a Residential Reentry Center (RRC) as directed by the probation officer for a period of up to 120 days (non-punitive).

4.  Not enter or reside in the Republic of Mexico without permission of the court or probation officer, and comply with both United States and Mexican immigration laws.

PROB12(C)

Name of Offender: Jonathan Sandoval

December 23, 2025

Docket No.: 23CR00178-001-RSH

Page 7

5.  Notify the Collections Unit, United States Attorney's Office, before transferring any interest in property owned, directly or indirectly, including any interest held or owned under any other name, or entity, including a trust, partnership or corporation.

6.  Notify the Collections Unit, United States Attorney's Office, of any interest in property obtained, directly or indirectly, including any interest obtained under any other name, or entity, including a trust, partnership or corporation.

7.  Not use or possess any computer, computer-related devices (pursuant to 18 U.S.C. § 1030(e)(l)), which can communicate data via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure. The offender must consent to installation of monitoring software and/or hardware on any computer or computer-related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data. The offender must pay for the cost of installation of the computer software. This condition shall not prevent Defendant from using employer-provided computers for work-related purposes as required in the course of Defendant's gainful employment, which computers are not required to have monitoring software installed.

8.  Submit to a search of person, property, house, residence, office, vehicle, papers, cellular phone, computer or other electronic communication or data storage devices or media effects, conducted by a United States Probation Officer or any federal, state, or local law enforcement officer, at any time with or without a warrant, and with or without reasonable suspicion. Failure to submit to such a search may be grounds for revocation; you shall warn any other residents that the premises may be subject to searches pursuant to this condition.

9.  Not have any contact, direct or indirect, either telephonically, visually, verbally or through written material, or through any third-party communication, with the victim or victim's family, without prior approval of the probation officer.

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on: December 23, 2025**

Respectfully submitted:

JENNIFER K. WALKER

CHIEF PROBATION OFFICER

Reviewed and approved:

by _____

Jennifer Avila

Sr. U.S. Probation Officer

(760) 339-4207

_____

Christopher J. Marco

Asst. Deputy Chief U.S. Probation Officer

fyf for RJM

PROB12CW                                                                December 23, 2025

## VIOLATION SENTENCING SUMMARY

1. **Defendant:**  Sandoval, Jonathan

2. **Docket No.** (Year-Sequence-Defendant No.)**:**    23CR00178-001-RSH

3. **List Each Violation and Determine the Applicable Grade** (*See* USSG § 7C1.1)**:**

| Violation(s) | Grade |
|---|---|
| use of an internet capable device without authorization | C |
| failure to answer truthfully questions by the probation officer | C |
| failure to follow instructions by the probation officer | C |

4. **Most Serious Grade of Violation** (*See* USSG § 7C1.1(b))                 [    C    ]

5. **Criminal History Category** (*See* USSG § 7C1.5)                          [    I    ]

6. **Range of Imprisonment** (*See* USSG § 7C1.5)                    [    3 to 9 months    ]

7. **Unsatisfied Conditions of Original Sentence**:  List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (*See* USSG § 7C1.4 p.s. comment (n.4)):

| Restitution ($) | | Community Confinement | |
|---|---|---|---|
| Fine ($) | $1,700 | Home Detention | |
| Other | | Intermittent Confinement | |

PROB12(C)
Name of Offender: Jonathan Sandoval                                    December 23, 2025
Docket No.: 23CR00178-001-RSH                                                    Page 9

## THE COURT ORDERS:

__X__ AGREE. A BENCH WARRANT BE ISSUED BASED UPON A FINDING OF PROBABLE CAUSE TO BRING THE OFFENDER BEFORE THE COURT TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED FOR THE ALLEGED VIOLATIONS. THE PETITION AND THE WARRANT WILL BE SEALED UNTIL THE OFFENDER HAS BEEN ARRESTED ON THE WARRANT AND THEN THE PETITION AND WARRANT MAY BE UNSEALED. NOTWITHSTANDING THE SEALING, A COPY OF THE PETITION AND WARRANT WILL BE GIVEN TO THE U.S. MARSHAL FOR USE BY LAW ENFORCEMENT.

_____ DISAGREE. THE ISSUANCE OF A SUMMONS ORDERING THE OFFENDER TO APPEAR BEFORE THE COURT ON _____, AT _____, TO SHOW CAUSE WHY SUPERVISED RELEASE SHOULD NOT BE REVOKED.

_____ Other _____

_____

_____


*Robert S Huie*
_____                    _____
The Honorable Robert S. Huie                          12/23/2025
U.S. District Judge                                   Date