**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 23CR0178-RSH |
| Plaintiff, | **DETENTION ORDER** |
| v. | |
| JONATHAN SANDOVAL, | |
| Defendant. | |

On January 5, 2026, this Court held a hearing pursuant to Title 18 U.S.C. §§ 3142 and 3143 in the above-entitled case to determine whether the defendant, Jonathan Sandoval, should be detained pending an Order to Show Cause hearing on his Revocation of Supervised Release and, if convicted, sentencing in the above-captioned matter.

Having considered the evidence presented, arguments by counsel for the United States and by the defendant, this Court finds that the defendant is unlikely to abide by any condition or combination of conditions of release. Therefore, this Court orders the detention of the defendant prior an Order to Show Cause hearing on his Revocation of Supervised Release and, if convicted, sentencing in the above-captioned matter.

In accordance with the provisions of 18 U.S.C. §§ 3142 and 3143, this Court makes the following findings of fact and statement of reasons for the detention:

1. The defendant was convicted of Stalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) and was sentenced to 7 months' imprisonment followed by 3 years of supervised release.

2. At sentencing, the Court set conditions of release, including, but not limited to, the following:

    a. The defendant must not use or possess any computer, computer-related devices (pursuant to 18 U.S.C.§ 1030(e)(l)), which can communicate data

via modem, dedicated connections or cellular networks, and their peripheral equipment, without prior approval by the court or probation officer, all of which are subject to search and seizure. The offender must consent to installation of monitoring software and/or hardware on any computer or computer related devices owned or controlled by the offender that will enable the probation officer to monitor all computer use and cellular data;

b. The defendant must answer truthfully the questions asked by their probation officer;

c. The defendant must follow the instructions of the probation officer related to the conditions of supervision.

3. On December 23, 2025, Pretrial Services requested a warrant for the defendant's arrest based on the following alleged violations of release conditions:

a. From on or about November 22, 2025, through on or about December 15, 2025, Mr. Sandoval used his mother-in-law's laptop, an internet capable device, on approximately five occasions, as evidenced by his admission to the probation officer, on December 17, 2025 .

b. From on or about April 5, 2024, through on or about December 17, 2025, Mr. Sandoval used a Samsung Galaxy Z Fold 6 (Model SM-F956Ul), daily, as evidenced by his admission to the probation officer.

c. On or about December 17, 2025, Mr. Sandoval was untruthful to the probation officer when asked how he traveled to his mother's residence.

d. On or about December 17, 2025, Mr. Sandoval was untruthful to the probation officer when asked as to his use of social media.

e. On or about December 17, 2025, Mr. Sandoval as untruthful to the probation officer when asked as to his use of internet capable devices.

## REASONS FOR DETENTION

A.   There is probable cause to believe Defendant committed the violations of release outlined above which are related to the underlying conviction and began almost immediately after commencing supervision.

B.   The Defendant's strong ties to a foreign country.

C.   Defendant's lack of stable employment.

D.   No surety has been proffered to the Court with sufficient assets to justify setting conditions of release.

E.   The Court concludes that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending his Order to Show Cause hearing on his Revocation of Supervised Release and, if convicted, sentencing in the above-captioned matter and committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility. The Defendant shall be afforded a reasonable opportunity for private consultation with counsel.

IT IS ALSO HEREBY ORDERED that while in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

This order is made without prejudice to modification by this Court and without prejudice to the Defendant's exercise of his right to bail and a detention hearing at a future date.

**IT IS SO ORDERED.**

Dated:   1/6/2026         .

_____
HONORABLE LUPE RODRIGUEZ, JR
United States Magistrate Judge

Prepared by:

ADAM GORDON
United States Attorney

/s/ Sarah M. Fix
Sarah M. Fix
Assistant United States Attorney

cc:    Raj Pal Singh
       Counsel for Defendant